UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARNELL ANDERSON #216034,

    Plaintiff,

v.

BENJAMIN SCARFF, et al.,

    Defendants.
_____/

Case No. 2:07-cv-160
HON. GORDON J. QUIST

## REPORT AND RECOMMENDATION

Plaintiff Darnell filed this civil rights action pursuant to 42 U.S.C. § 1983 against several employees of the MDOC. Plaintiff has filed a request for a preliminary injunction, alleging that defendants have taken his copy of the complaint in this case. Plaintiff now seeks an order to provide him with a copy of the complaint, as well as to prevent Defendants from placing him in temporary segregation. (Docket #3.)

I have reviewed Plaintiff's request for injunctive relief and conclude that the request lacks merit on the grounds presented as it fails to establish a substantial likelihood of success on the merits and does not establish that Plaintiff will suffer irreparable harm if the requested relief is not granted. Therefore, I recommend that Plaintiff's request for a preliminary injunction be denied.

The Sixth Circuit has explained that a court confronted with a request for injunctive relief must consider and balance four factors:

    1.    Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

    2.    Whether the movant has shown irreparable injury.

    3.  Whether the preliminary injunction could harm third parties.

    4.  Whether the public interest would be served by issuing a preliminary injunction.

*Mason County Medical Ass'n. v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977). *See also*, *Frisch's Restaurant Inc. v. Shoney's*, 759 F.2d 1261, 1263 (6th Cir. 1985); *Ardister v. Mansour*, 627 F.Supp. 641 (W.D. Mich. 1986).

  Moreover, where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2nd Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

  Plaintiff alleges that the defendants have retaliated against him for filing this lawsuit by shaking down his cell and taking his copies of his legal work. A review of the materials of record fails to establish a substantial likelihood of success with respect to Plaintiff's claim that the defendants have violated his federal rights. However, in the order to answer in this case, the court instructed the Clerk to return to Plaintiff with a copy of the order of service, one copy of the complaint and any exhibits to the complaint, so that Plaintiff could use them to make copies for service of the action. Therefore, Plaintiff's request for a copy of his complaint is moot. Furthermore, Plaintiff has failed to establish that he will suffer irreparable harm absent injunctive relief. Plaintiff has alleged no specific facts indicating that he is in danger of being placed in segregation, or that such placement will cause irreparable harm.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, I recommend that Plaintiff's motion for a preliminary injunction be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).


      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 17, 2007