UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DARNELL ANDERSON #216034,

        Plaintiff,                Case No. 2:07-cv-160

v.                                     Honorable Gordon J. Quist

BENJAMIN SCARFF, et al.,

        Defendants.
_____/

### REPORT AND RECOMMENDATION

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On October 17, 2007, this Court ordered service of Plaintiff's complaint on Defendants. On November 29, 2007, Defendants Pramstaller, Sizer, Manzardo, Ball, and Metrish filed a motion for summary judgment (docket #14). On December 4, 2007, Defendant Malloy filed a motion for summary judgment (docket #20). On December 6, 2007, December 20, 2007, and January 16, 2008, Defendants Hutchinson, Scarff and Ganzhorn filed motions to dismiss (docket #24, #29 and #38).

### Applicable Standard

       A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v.*

*Gibson*, 355 U.S. 41, 45-46 (1957). The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355 U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 355 U.S. at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir.), *cert. denied*, 126 S. Ct. 650 (2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.), *cert. denied*, 126 S. Ct. 338 (2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions,

affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense for which Defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief of the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

3

**Facts**

Plaintiff is presently incarcerated at the Kinross Correctional Facility (KCF). In his *pro se* complaint, he sues Defendants Benjamin Scarff, Dr. David Benjamin, Matt Sizer, R.N., Alan Manzardo, R.N., Wendy Ball, R.N., Warden Linda M. Metrish, Dr. Richard Ganzhorn, Chief Medical Officer George Pramstaller, Correctional Medical Services Head Greg Hutchinson, and Regional Medical Provider Terry Malloy. Plaintiff claims that Defendants denied him necessary medical care for his fractured foot. Plaintiff seeks damages.

**Discussion**

In their motions for summary judgment, Defendants Pramstaller, Sizer, Manzardo, Ball, Metrish, and Malloy state that Defendants Metrish, Ball, Pramstaller, Benjamin, Hutchinson and Malloy are entitled to summary judgment from this action because Plaintiff failed to exhaust his administrative remedies with regard to them. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective Dec. 19, 2003)[1], sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ R. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ R, X. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ T (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ Y.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within five business days of the response, or if no response was received, within five days after the response was due. *Id.* at ¶¶ R, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ FF. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ R, HH. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ HH. The Prisoner Affairs Section is the respondent for Step III grievances

---

[1] The MDOC amended Policy Directive 03.02.130 on July 9, 2007. However, the 2003 version of the policy directive was in effect at all times applicable to this lawsuit.

on behalf of the MDOC director. *Id.* at ¶ II. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ U. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id.*

In addition, the grievance policy provides that, where the grievance alleges staff brutality or corruption, the grievance may be submitted directly to Step III. *Id.* at ¶S. In such instances, the grievance must be filed within the time limits prescribed for filing grievances at Step I. *Id.*

Defendants Pramstaller, Ball, Metrish, and Malloy assert that Plaintiff failed to name them in any grievances. In addition, they claim that Defendants Benjamin and Hutchinson should also be granted summary judgment based on Plaintiff's failure to name them in any grievances. In support of this claim, Defendants offer a list of the grievances filed by Plaintiff during the pertinent time period, as well as copies of the grievances filed by Plaintiff. A review of the record reveals that Plaintiff filed grievances against Defendants Scarff[2], Sizer, Manzardo, and Ganzhorn, but did not name Defendants Pramstaller, Ball, Metrish, Malloy, Benjamin, or Hutchinson. (*See* Defendants' Exhibits 2-7, attached to the brief in support of the motion for summary judgment filed by Defendants Pramstaller, Sizer, Manzardo, Ball, and Metrish, docket #14.) Therefore, in the opinion of the undersigned, Defendants Pramstaller, Ball, Metrish, Malloy, Benjamin, and Hutchinson are entitled to summary judgment due to Plaintiff's failure to exhaust administrative remedies.

---

[2]In Grievance No. KCF 07-02-00283-12D3, Plaintiff names Defendant Scarff as "the doctor." (*See* Defendants' Exhibit 2.) This is sufficient to identify Defendant Scarff for purposes of exhausting administrative remedies.

6

In his brief in support of his motion, Defendant Hutchinson states that he is entitled to dismissal due to Plaintiff's failure to comply with the exhaustion requirement. As noted above, Defendant Hutchinson is correct and is entitled to summary judgment for failure to exhaust administrative remedies. In addition, Defendant Hutchinson contends that he is entitled to dismissal because Plaintiff's allegations do not state a claim under the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867

(6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

Defendant Hutchinson states that Plaintiff fails to mention him at all in the body of his complaint. A review of the record reveals that Defendant Hutchinson is correct. Therefore, even if Plaintiff had exhausted his claims against Defendant Hutchinson, these claims would be properly dismissed for lack of merit.

In the brief in support of his motion, Defendant Ganzhorn states that Plaintiff's complaint does not contain specific allegations showing that Defendant Ganzhorn was deliberately indifferent to Plaintiff's serious medical needs. In his complaint, Plaintiff states that when the cast was removed from his foot at War Memorial Hospital on April 17, 2007, an x-ray showed that Plaintiff still had a fracture in the foot, but that another cast was not placed on his foot. When Plaintiff was returned to KCF, Plaintiff told health services that the x-rays still showed a fracture and the he still had pain in his foot. Health Services contacted Defendant Ganzhorn concerning the x-rays, and he admitted that the fracture still existed. Plaintiff was not taken back to Defendant Ganzhorn until June 22, 2007, at which time another x-ray was taken and Plaintiff was injected with something that numbs your foot for "a couple of months." Defendant Ganzhorn states that this is the only allegation which relates to him, and that the remainder of the complaint refers to the lack of attention the personnel at KCF gave him relative to his foot injury.

The undersigned notes that the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir.

Apr. 4, 1997). In this case, Plaintiff claims that Defendant Ganzhorn improperly failed to put a new cast on Plaintiff's foot on April 17, 2007. The undersigned notes that Plaintiff does not claim to have been completely deprived of treatment, but merely disagrees with the decision not to put a new cast on his foot. Such a claim does not rise to the level of an Eighth Amendment violation.

Moreover, Plaintiff fails to allege facts showing that Defendant Ganzhorn acted under color of law in this case. Depending on the circumstances, a private entity may be considered to be a "state actor" for purposes of § 1983. *See, e.g.*, *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142-48 (3rd Cir. 1995) (volunteer fire company is a state actor); *McKeesport Hosp. v. Accreditation Council for Graduate Med. Educ.*, 24 F.2d 519, 523-26 (3rd Cir. 1994) (private accreditation body for graduate medical programs is not a state actor); *Langston v. ACT*, 890 F.2d 380, 384-85 (11th Cir. 1989) (testing company is not a state actor). Defendant Ganzhorn is an independent physician employed in private practice who saw Plaintiff while he was a patient at War Memorial Hospital. Defendant Ganzhorn is not a state actor whose conduct is alleged to have deprived Plaintiff of a right secured by the constitution or laws of the United States. *See Catz v. Chalker,* 142 F.3d 279, 289 (6th Cir.1998); *Mays v. Dayton,* 134 F.3d 809, 813 (6th Cir.), *cert. denied,* 118 S.Ct. 2352 (1998). Although private actors acting in concert with state officials may be subject to § 1983 liability, Plaintiff does not contend that Defendant Ganzhorn conspired with prison officials or health service personnel, who are state actors, to violate his constitutional rights. *See Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980). Therefore, the undersigned recommends that Defendant Ganzhorn be dismissed from this action with prejudice.

In the brief in support of his motion, Defendant Scarff states that Plaintiff failed to exhaust his remedies against him because he never specifically named him in a grievance. However, as noted above, Plaintiff names Defendant Scarff as "the doctor" in Grievance No. KCF 07-02-

00283-12D3.  (*See* Defendants' Exhibit 2.)  This is sufficient to identify Defendant Scarff for purposes of exhausting administrative remedies.  Plaintiff properly appealed the denial of this grievance to step III.  Therefore, Defendant Scarff is not entitled to summary judgment pursuant to the exhaustion requirement.

Defendant Scarff also claims that he is entitled to summary judgment because he did not violate Plaintiff's rights under the Eighth Amendment.  In Plaintiff's complaint, he alleges that on February 17, 2007, he injured his foot while at the gym.  He was subsequently seen by Defendant Sizer at health services.  When Plaintiff pleaded to be taken to the hospital, Defendant Sizer stated, "We've taken so many prisoners to the hospital who claimed to have serious injuries but when they get to the hospital we're told that its just a [sprained] ankle, and the tax payers in this state is [sic] left covering the cost."  Defendant Sizer wrapped Plaintiff's foot with an ace bandage, gave Plaintiff a pair of crutches, some aspirin, a medical lay-in and a zip lock bag in which Plaintiff was told to put snow.  On February 21, 2007, Plaintiff was taken to URF for x-rays, and was then returned to KCF, where he was examined by Defendant Scarff.  Defendant Scarff told Plaintiff that his foot was broken. Plaintiff complained of severe pain, but was told to continue taking aspirin.  Plaintiff claims that Defendant Scarff smelled of alcohol and was disrespectful towards him.  Defendant Manzardo then placed a splint on Plaintiff's foot and gave Plaintiff an empty zip lock bag.  Plaintiff was instructed to put snow in the bag and use it as an ice pack, and was told that his foot was too swollen to be casted, so that he could not be taken to the hospital right away.  Between February 21, 2007, and March 8, 2007, Plaintiff was instructed to continue icing his foot, using crutches, and taking aspirin.  Plaintiff was finally sent to War Memorial Hospital to have his foot x-rayed again and to have it casted on March 8, 2007.

11

As noted above, Plaintiff filed a grievance on Defendant Scarff on February 22, 2007, which claimed that Defendant Scarff smelled of alcohol and refused to send Plaintiff to the hospital or to give him anything other than aspirin for pain. In the step III response to this grievance, grievance respondent J. Armstrong stated:

> Grievant alleges that he did not receive timely or appropriate treatment to his medical emergency - a broken foot. He alleges a violation of PD 03.04.125 Medical Emergencies. Grievant alleges that the Medical Service Provider (MSP) smelled of alcohol while evaluating him. Grievant did not provided [sic] additional relevant information for consideration with his step III appeal; he indicates he was not satisfied with the response and continues the process alleging a pattern of deliberate indifference to his medical emergency by health care staff.
>
> The information presented upon appeal to step III has been reviewed in addition to the medical record. The step I and step II responses appropriately address the grievance. Investigation reveals that the grievant broke his foot. He was escorted to health care by the officer. He was evaluated, provided pain medication, given an ice bag and a detail for ice, provided crutches, an ace wrap and a detail to have his meals in. He was referred to be evaluated by the Medical Service Provider (MSP) and to have x-rays ordered. He was evaluated by the MSP and a request was submitted for an orthopedic consultation. Allegations regarding the MSP smelling of alcohol are not substantiated.

(*See* Defendants' Exhibit 2.)

As noted above, the Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake*, 537 F.2d at 860 n. 5. In this case, Plaintiff's allegations of wrongdoing reflect, at most, inadequate medical treatment. Therefore, Plaintiff's Eighth Amendment claim against Defendant Scarff is properly dismissed.

The undersigned notes that Plaintiff has filed a motion to strike immaterial defendants / facts from the original complaint (docket #33). In this motion, Plaintiff states that he inadvertently

12

failed to serve Defendants Ganzhorn and Scarff, and requests dismissal of these Defendants. Moreover, Plaintiff requests the dismissal of all Defendants who have not been properly exhausted. As noted above, the undersigned recommends granting the requests of Defendants Ganzhorn and Scarff to be dismissed from this action because Plaintiff's claims against them lack merit. In addition, the undersigned recommends dismissal of Defendants Benjamin, Ball, Metrish, Pramstaller, Hutchinson, and Malloy for failure to exhaust administrative remedies. Should the court grant these motions, Plaintiff's motion to strike (docket #33) is properly denied as moot, as is the motion for access to Plaintiff's medical records filed by Defendants Hutchinson and Scarff (docket #40).

### Recommended Disposition

For the foregoing reasons, I recommend that the motions requesting summary judgment for failure to exhaust with regard to Defendants Metrish, Ball, Pramstaller, Benjamin, Hutchinson and Malloy (docket #14, #20, and #24) be granted because Plaintiff failed to exhaust his administrative remedies with regard to them. In addition, it is recommended that the motion for summary judgment filed by Defendant Scarff (docket #29) be denied with regard to the failure to exhaust argument, but granted on the merits because there is no genuine issue of material fact that Defendant Scarff violated Plaintiff's constitutional rights. It is further recommended that Defendant Ganzhorn's motion (docket #38) be granted and that Defendant Ganzhorn be dismissed with prejudice. Finally, it is recommended that the pending motions to strike and for document access (docket #33 and #40) be denied as moot.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: September 3, 2008

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).