UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARNELL ANDERSON,

    Plaintiff,

v.                                            Case No. 2:07-cv-160
                                               HON. GORDON J. QUIST

BENJAMIN SCARFF, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Darnell Anderson, an inmate currently confined at the Baraga Maximum Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The remaining defendants are Matt Sizer and Alan Manzardo. Plaintiff alleges violations of his Eighth Amendment rights and retaliatory conduct.

Plaintiff's complaint alleges that after he injured his foot on February 17, 2007, at the gym, plaintiff was seen by defendant Sizer at Health Services. Plaintiff wanted to go to the hospital but defendant Sizer allegedly stated: "We've taken so many prisoner to the hospital who claimed to have serious injuries but when they get to the hospital we're told that its just a [sprained] ankle, and the tax payers in this state is [sic] left covering the cost." Defendant Sizer wrapped plaintiff's foot with an ace bandage, gave plaintiff a pair of crutches, some aspirin, a medical lay-in and a zip lock bag to put snow inside so that plaintiff could ice his foot. On February 21, 2007, plaintiff was taken for x-rays and then returned to Kinross Correctional Facility where he was examined by Dr. Scarff. Dr. Scarff informed plaintiff that he had a broken bone and that plaintiff should continue

to take aspirin.  Plaintiff states that he was in severe pain.  Defendant Manzardo placed a splint on plaintiff's leg and told plaintiff to place snow in a zip lock bag as an ice pack.  According to defendant Manzardo, the foot was too swollen for a cast.  Plaintiff continued to use crutches between February 21, 2007, and March 8, 2007.  Plaintiff was sent to the hospital on March 8, 2007, and his foot was placed in a cast.

Plaintiff filed grievances against health care staff.  Plaintiff alleges that he was retaliated against when defendant Sizer called him to health services for a TB test.  Plaintiff alleges that this could have been done at his cell by a nurse during housing rounds.  Plaintiff complains that defendant Sizer knew that it would be uncomfortable for plaintiff to use his crutches to walk to health care services.  Plaintiff also alleges that his medical detail for meals expired and he was required to walk down three flights of stairs with crutches and across ice filled pavement to get to the kitchen for lunch and dinner meals.  However, Nurse Williams renewed plaintiff's meals-in detail after plaintiff allegedly informed her that defendants Sizer and Manzardo refused to renew the detail.

Defendants move for summary judgment.  Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).  If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.  *Id.* at 324-25.  The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).  The evidence must be viewed in the light most favorable to the nonmoving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo*

*County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results

in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

Defendant Sizer is a registered nurse employed at the Kinross Correctional Facility. Defendant Sizer evaluated plaintiff on February 17, 2007, for an ankle injury. Defendant Sizer gave plaintiff ice, an ace bandage, Motrin, crutches and a four day lay-in with instructions not to put weight on the ankle. Defendant Sizer ordered x-rays and a recheck appointment. Defendant Manzardo placed a metal splint on plaintiff's leg as ordered by Dr. Scarff on February 21, 2007. Plaintiff was given ice and a renewed detail for crutches until April 2, 2007. Plaintiff was young, healthy and ambulating well on his crutches. According to defendant Manzardo, plaintiff was better off ambulating on his crutches for health reasons than to be on lay-in.

In the opinion of the undersigned, plaintiff's Eighth Amendment rights were not violated. Plaintiff was treated and evaluated immediately after he was injured by defendant Sizer. Defendant Sizer may have not made the correct diagnosis of plaintiff's injury, but he did order x-rays and a recheck by Dr. Scarff. Defendant Sizer was not indifferent to plaintiff's injury. He clearly determined that plaintiff sustained an ankle sprain, but nevertheless, ordered an x-ray. When the x-ray revealed a fracture, defendant Manzardo did what he was told to do by Dr. Scarff, by placing a splint on plaintiff's leg. In the opinion of the undersigned, plaintiff's Eighth Amendment rights were not violated by defendants Sizer or Manzardo.

Plaintiff claims that he was retaliated against by having to walk to health services using his crutches for a TB test on February 23, 2007. Plaintiff further alleges that his meal-in detail had not been renewed by defendants Sizer or Manzardo as further evidence of retaliatory acts. Plaintiff's meals-in detail was renewed by a different nurse. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Plaintiff filed grievances against defendants. In the opinion of the undersigned, no adverse conduct was taken against plaintiff. Plaintiff asserts that defendant Sizer made him walk

with his crutches to health services for a TB test instead of having the test taken at plaintiff's cell. Further, plaintiff complains that neither defendant Sizer nor defendant Manzardo renewed his meal-in detail and that another nurse had to make the renewal. Plaintiff has not shown that this conduct was adverse to him. Plaintiff was able to ambulate well with his crutches. Plaintiff has not shown that it was an unreasonable hardship to use the crutches. Most importantly, this is not the type of conduct that "would deter a person of ordinary firmness from engaging" in future grievance filings. Further, plaintiff has not shown that defendants' actions had anything to do with the grievances that plaintiff filed.

In summary, in the opinion of the undersigned, plaintiff has failed to sustain his burden of proof in response to defendants' motion for summary judgment. Accordingly, it is recommended that defendants' motion for summary judgment (Docket #50) be granted and this case be dismissed in its entirety. It is further recommended that plaintiff's motion for production of documents (Docket #72) be denied.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: August 19, 2009