UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DARNELL ANDERSON,

        Plaintiff,

v.                                                            Case No. 2:07-CV-160

MATT SIZER, et al.,                         HON. GORDON J. QUIST

        Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the report and recommendation issued August 19, 2009. In his report and recommendation, Magistrate Judge Greeley recommended that the Court grant Defendants' motion for summary judgment on Plaintiff's Eighth Amendment deliberate indifference claim and his First Amendment retaliation claim. Regarding the Eighth Amendment claim, the magistrate judge concluded that Defendants were not deliberately indifferent to Plaintiff's injury, noting that on February 17, 2007, Defendant Sizer examined Plaintiff and determined, albeit incorrectly, that the injury was an ankle sprain. The magistrate judge further said that Sizer ordered x-rays and wrapped Plaintiff's ankle, gave him ice, Motrin, crutches, and a four-day lay-in with instructions not to put weight on the ankle. The magistrate judge noted that on April 21, 2007, after x-rays confirmed Plaintiff's foot was broken, Defendant Manzardo placed a splint on Plaintiff's leg, as directed by Dr. Scarff, because Plaintiff's foot was too swollen to cast. Regarding Plaintiff's retaliation claim, the magistrate judge concluded that requiring Plaintiff to walk to health services on crutches for a TB test and refusing to renew Plaintiff's meal-in detail was not adverse because Plaintiff was ambulating well on crutches, and Plaintiff failed to show that requiring him to use crutches was an unreasonable hardship.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted in its entirety.

In his Objections, Plaintiff contends that the magistrate judge omitted and misstated certain relevant facts in his report and recommendation. Plaintiff points out that the magistrate judge failed to mention that after Plaintiff broke his foot on February 17, 2007, Correction Officer Hoey contacted Defendant Sizer at Health Services and advised that Plaintiff would need a wheelchair or medical cart because he could not walk on his injured foot. Defendant Sizer denied the request, and Plaintiff was forced to walk to Health Services on his broken foot for treatment. Plaintiff further notes that the magistrate judge incorrectly states that Defendant Sizer ordered x-rays on February 17, 2007, because Plaintiff's medical records show that the x-rays were not ordered until later, although it is not clear when they were ordered or by whom. In addition, Plaintiff asserts that when he was finally taken for x-rays, he returned to the prison, only to be transported back to the hospital, because Sizer identified the wrong foot to be x-rayed.

Even considering these additional and/or clarified facts, the Court agrees with the magistrate judge that Plaintiff's Eighth Amendment rights were not violated. While Defendant Sizer apparently misdiagnosed Plaintiff's broken foot as a sprained ankle, possibly due to negligence, his conduct does not support a deliberate indifference claim. As the magistrate judge observed, Defendant Sizer wrapped Plaintiff's foot with an ace bandage, gave Plaintiff a pair of crutches, some Motrin, ice, and a medical lay-in and told Plaintiff not to put weight on the foot. Although Plaintiff considered this treatment inadequate, his disagreement about the appropriate treatment does not establish an Eighth Amendment claim. *Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008) (citing *Estelle v. Gamble*, 429 U.S. 97, 107, 97 S. Ct. 285, 293 (1976)).

Regarding the retaliation claim, Plaintiff notes that after x-rays confirmed his foot was broken and after both Defendants Sizer and Manzardo advised Plaintiff to stay off his foot in order

2

to allow the swelling to go down so Plaintiff could be fitted with a cast, on February 23, 2007, Defendant Sizer called Plaintiff to Health Services for a TB test that Plaintiff says could have been administered in his cell. That same day, Sizer and Manzardo refused to renew Plaintiff's lay-in, and Plaintiff was required to walk to lunch and dinner on his broken foot. Plaintiff points out that he was required to walk down and up three flights of stairs each time and walk over the ice-covered grounds while in pain.

While the Court appreciates Plaintiff's discomfort, it agrees with the magistrate judge that Plaintiff has not shown that it was an unreasonable hardship to use the crutches or that this is the type of conduct that would deter a person of ordinary firmness from filing grievances in the future. It bears noting that the alleged retaliation was not pervasive, and by the evening of February 23, another nurse had renewed Plaintiff's lay-in detail so that he was able to eat his meals in his cell. Plaintiff's retaliation claim is thus properly dismissed. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued August 19, 2009 (docket no. 76) is **ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket no. 50) is **GRANTED**, and Plaintiff's complaint is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Production of Documents and Motion for Extension of Time (docket nos. 72, 81) are **DISMISSED AS MOOT**. This Court finds no good-faith basis for an appeal of this matter within 28 U.S.C. § 1915(a)(3).

This case is **concluded**.

Dated: September 29, 2009                      /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                               UNITED STATES DISTRICT JUDGE